UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CORNEL MELANCON and WANDA MELANCON | * | CIVIL ACTION |
| versus | * | NO. 06-6172 |
| ALLSTATE INSURANCE COMPANY, PAUL SCAFFIDI, and ABC INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina destroyed Cornel and Wanda Melancon's home and its contents. The Melancons filed a claim and their insurance company, Allstate, paid the flood policy limits but have not paid anything under the Melancons' homeowners policy. The record indicates that the Melancons purchased the original policy from Allstate in 1979, and that Paul Scaffidi Insurance Agency, LLC, took over the account as an Allstate agent in 2004. The Melancons renewed their policy annually, with no substantial

1

changes to the coverage over the years.

On August 8, 2006, the Melancons sued Allstate, a foreign insurance company, and Paul Scaffidi, a local insurance producer, in state court for failing to pay their claims under their homeowners policy, for breach of fiduciary duty by not advising them of the availability or need for additional coverage for flood damage, and by directly or indirectly informing them that the policy sold to them would cover "all hurricane damages."

On September 20, 2006, Allstate removed the lawsuit to federal court on the ground that this Court has diversity jurisdiction because the local defendant was improperly joined. The plaintiffs now move to remand the suit to state court and also request attorney's fees and expenses because of the undue delay and expenses resulting from Allstate's removal.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec.

Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. In the state court petition, the majority of the Melancons' allegations are directed at Allstate for "arbitrary and capricious" failure to pay damages under their homeowner's policy. Only one complaint is directed toward Scaffidi. The Melancons allege he was negligent by "directly or indirectly informing [us] that the policy ... would cover 'all hurricane damage.'"

Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that Allstate has not met its burden in proving that the Melancons have no possibility of recovery against Scaffidi under Louisiana state law.

Accordingly, the plaintiffs' motion to remand is GRANTED.

New Orleans, Louisiana, November 22, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE